UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
RANDY BALBI,

                                **MEMORANDUM & ORDER**

                  Petitioner,                  **07-CV-3103 (NGG)(JMA)**

      -against-

UNITED STATES OF AMERICA,

                Respondent.
---------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Petitioner Randy Balbi ("Balbi") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (See Petition (Docket Entry # 1).) Balbi asserts two claims in his Petition: (1) that he was denied his constitutional right to the effective assistance of trial counsel, and (2) that he was denied his constitutional right to the effective assistance of appellate counsel. (Id. at 1-13.) For the following reasons, the Petition is denied.

I.      **BACKGROUND**

      A.      **Arrest, Indictment, and Plea**

On April 23, 2004, Customs and Border Protection officials at John F. Kennedy Airport stopped Balbi upon his return from the Dominican Republic. (Presentence Investigation Report ("PSR") (Gov. Mem. Ex. 2) (Docket # 13) ¶¶ 5-6.) When Customs and Border Protection officials questioned Balbi, he confessed that he had pellets of heroin concealed in his stomach. (Id. ¶ 6.) Law enforcement officials then Mirandized and arrested Balbi. Following his arrest, he admitted that he had conspired to import heroin into the United States, that he had smuggled heroin into the United States, and that he had recruited Joel Mercado ("Mercado") to serve as a courier.

1

(Id. ¶¶ 7-12.)[1] He further stated that he had previously sold heroin in the United States and that he had smuggled narcotics into the United States on at least one prior occasion. (Id. ¶¶ 10-11.)

In a second superseding indictment on September 1, 2004, the United States Government charged Balbi with (1) conspiring to import heroin into the United States under 21 U.S.C. §§ 963, 963(a)(1), 960(b)(2)(A); (2) importing heroin into the United States under 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(2)(A); and (3) possessing heroin with the intent to distribute under 21 U.S.C. §§ 841(b)(1)(B)(I). (Docket Entry # 16.)

On March 23, 2005, Balbi pleaded guilty to all three counts in the second superseding indictment. (Docket Entry # 28.) At his plea allocution before Magistrate Judge Joan Azrack, Balbi stated that had no plea agreement with the prosecution. (Plea Allocution Tr. dated March 23, 2005 (Docket Entry # 29) 2.). He also admitted that he conspired to import heroin into the United States from the Dominican Republic and that he swallowed pellets containing heroin in the Dominican Republic and brought them into the United States. (Id. at 14-15.)

B. Presentence Investigation Report, Sentencing, and Appeal

On June 7, 2005, the Probation Department concluded in its Presentence Investigation Report that Balbi faced a sentencing range of 70 to 87 months under the Federal Sentencing Guidelines (the "Guidelines"). (PSR (Gov. Mem. Ex. 2) ¶¶ 18, 31, 34, 60.) The Probation Department calculated the Guidelines range based on the heroin that both Balbi and Mercado had smuggled because Balbi recruited, trained, and paid Mercado. (Id. at ¶¶ 12, 14.) The PSR further stated that "neither an aggravating nor mitigating role adjustment" should apply. (Id. at ¶ 14.) In an addendum to the PSR, the Probation Department indicated a reduction in Balbi's base offense level would be appropriate because he provided the Government with information about

---

[1] Law enforcement officials also arrested Mercado at John F. Kennedy airport in April 2004. (PSR at ¶¶ 11-12.) Mercado admitted his and Balbi's roles in the drug smuggling conspiracy. Id.

Mercado and other co-conspirators. (See Ex. 5.) With that reduction, the Probation Department calculated Balbi's Guidelines range to be 57 to 71 months imprisonment. (Id. at 2.)

On August 3, 2005, trial counsel Michael Schneider ("Schneider") submitted a letter to this court objecting to the Probation Department's calculation of Balbi's Guidelines range. (Pet. Letter (Docket Entry # 32) 1.) Schneider argued that the court should reduce Balbi's base offense level by two points because he played only a minor role in the drug smuggling conspiracy and because he played a "limited role" in Mercado's importation of heroin. (Id. at 1-3.) Schneider requested that Balbi receive a sentence below the Guidelines range because he was a first time offender and because he had accepted responsibility for his actions. (Id. at 4-5.)

On August 8, 2005, this court sentenced Balbi to a prison term of 57 months and four years of supervised release. (Docket Entry # 34.) During the sentencing hearing, Schneider reiterated the arguments from his August 3, 2005 letter. (Gov. Mem. Ex. 6 at 4-6, 8-10, 12-14.) This court noted that it had considered the Guidelines and the other factors listed under 18 U.S.C. § 3553(a), but concluded that a sentence below the Guidelines range was not warranted because Balbi had recruited Mercado and "put [him] in touch with the persons who were arranging to import heroin," and because Balbi "had a prior trip importing heroin." (Id. at 15.)

Balbi filed a notice of appeal on August 11, 2005. (Docket Entry # 35.) On December 21, 2005, Balbi's appellate counsel David A. Lewis ("Lewis") submitted a brief to the United States Court of Appeals for the Second Circuit pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no nonfrivolous issues to be determined by the appellate court, and that the appeal could place Balbi at risk of receiving an even higher sentence. (Gov. Mem. at 11.) On June 30, 2006, the Court of Appeals granted Lewis' permission to withdraw and granted the Government's motion for summary affirmance. (Docket Entry # 40.)

3

## C. Habeas Corpus Petition

On July 23, 2007, Balbi moved to vacate his sentence pursuant to 28 U.S.C. § 2255. (Petition.) On August 9, 2007, the court ordered the Government to show cause within 60 days why Balbi's motion should not be granted. (Docket Entry # 2.) By letter dated August 14, 2007, Balbi expressed his intention to file a supplemental briefing. (Docket Entry # 3.) On August 23, 2007, the court set a briefing schedule requiring the Government to respond to the Petition by October 5, 2007 and requiring Balbi to file his reply by December 7, 2007. (Docket Entry #4.) By letter dated September 13, 2007, Balbi expressed his intention to submit a brief in support of his Petition and asked that he be permitted to do so in advance of the Government's response. (Docket Entry # 9.) By motion dated September 17, 2007, he reiterated that request. (Docket Entry # 6.)

On September 26, 2007, the court granted the Government an extension until October 28, 2007 to respond to the Petition. (Docket Entry # 8.) Petioner subsequently wrote several letters to the Government and to the pro se clerk seeking the opportunity to submit a brief in advance of the Government's submission. (Docket Entry ## 10, 11, 12.) On November 16, 2007, the Government responded to the Petition. (Docket Entry # 13.)

By letter to the pro se clerk dated November 26, 2007, Petitioner indicated that he had not yet received the Government's response. (Docket Entry # 15.) Accordingly, he expressed concern about his ability to meet the December 7, 2007 deadline for his reply. (Id.) He stated, "I have every intention of briefing my issues, a fact of which this court is well aware by virtue of my extensive prior correspondence." (Id.) On November 30, 2007, the court directed the Clerk of the Court to serve Balbi with another copy of the Government's response and granted Balbi 60 days to brief his reply. (Docket Entry # 16.) The Government's reply was mailed to Balbi on

4

December 4, 2007. By May 24, 2010, the court had had received no response from Balbi, and consequently issued an Order granting Balbi 30 days "to advise the court whether he still intend[ed] to submit a reply. (Id. at 1.) The court then contacted the Probation Department to ascertain Balbi's current address and arranged for a copy of its May 24, 2010 order to be sent to him. Balbi has not subsequently made any submissions or otherwise contacted the court.

## II. DISCUSSION

Under 28 U.S.C. § 2255, a court may "vacate, set aside or correct" a conviction or sentence "imposed in violation of the Constitution or laws of the United States." However, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b).

### A. Ineffective Assistance of Counsel

To prevail on an ineffective assistance claim, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the [petitioner]." Strickland v. Washington, 466 U.S. 668, 697 (1984). The first prong of the Strickland test "requires [a] showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." Id. at 687. Strickland's second prong requires that a defendant show actual prejudice. To show actual prejudice, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Because the petitioner bears the burden of proof on both prongs of the test, "there is no reason for a court deciding an ineffective assistance claim . . .

5

to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

### i) Ineffective Assistance of Trial Counsel

Balbi asserts that Schneider provided ineffective assistance because he inadequately challenge this court's calculation of his Guidelines sentencing range. (Petition at 5.) Balbi claims that Schneider failed to argue that this court should not have calculated his Guidelines range based on the drugs Mercado brought into the United States, and that Schneider failed to argue that Balbi should have received a "minor role adjustment,". (Id. at 7-8.)

A criminal defendant may receive a downward adjustment in his base offense level if he "was a minor participant in [a] criminal activity." U.S.S.G. § 3B1.2(b); United States v. Carpenter, 252 F.3d 230, 235 (2d Cir. 2001). Moreover, "the [criminal] defendant bears the burden of proving by a preponderance of the evidence that his role in the offense was a minor one." United States v. Lopez, 937 F.2d 716, 726 (2d Cir. 1991).

The record amply supports this court's determination that Balbi's role in the drug smuggling conspiracy was not minor. Balbi admitted to law enforcement officials that, in addition to smuggling heroin, he recruited Mercado and put him in communication with heroin suppliers and dealers in the Dominican Republic and the United States. (PSR ¶ 12.) He further admitted that he had previously imported and sold heroin in the United States. (PSR ¶¶ 10-11.) Balbi offers no evidence to show that the court erred by denying him a minor role adjustment.

Balbi further contends that the court improperly calculated his base offense level based on the quantity of drugs that Mercado brought into the United States in addition to the drugs Balbi admitted to smuggling himself. (Petition at 8.) The Guidelines state that a base offense level "shall be determined" based on "all reasonably foreseeable acts and omissions of others in

furtherance of [a] jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). In cases involving narcotics, a defendant's Guidelines sentence is calculated based on the quantity drugs with which he was directly involved and the reasonably foreseeable quantities of drugs with which his co-conspirators were involved. United States v. Chaclara, 95 F.3d 239, 243 (2d Cir. 1996). Because Balbi recruited Mercado and put him in touch with the same drug distributor that supplied Balbi, he could have reasonably foreseen the quantity of drugs Mercado smuggled into the United States. See, e.g., United States v. Pitcher, 7 F. App'x 119 (2d Cir. 2001) (holding defendant accountable for drugs smuggled by co-conspirator when defendant "recruited the courier, helped him obtain a passport, and drove him to the airport.").

Both of the arguments that Balbi that claims Schneider should have made are without merit. Schneider's decision not to pursue those arguments was not objectively unreasonable, and it did not did it prejudice Balbi. See United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999) (holding that counsel's "[f]ailure to make a meritless argument does not amount to ineffective assistance.")

### ii) Ineffective Assistance of Appellate Counsel

Balbi alleges that Lewis rendered ineffective assistance because he did not "advise [Balbi] of the progress of his appeal, which precluded [him] from timely responding to the Anders brief and raising appellate issues pro se." (Petition at 6.) Balbi asserts that, on appeal, he would have challenged the reasonableness of his sentence.[2]

"A sentence will satisfy the requirements of . . . the Sixth Amendment if the sentencing judge (1) calculates the relevant Guidelines range, including any applicable departure under the Guidelines system; (2) considers the calculated Guidelines range, along with the other § 3553(a)

---

[2] Balbi also claims that he would have argued that he was "entitled to specific performance of [the] plea agreement." (Petition at 9.) Balbi stated at his allocution that he had not entered into a plea agreement with the Government, and there is no other evidence of an agreement. (Plea Allocution Tr. at 2.)

7

factors; and (3) imposes a reasonable sentence." United States v. Fernandez, 443 F.3d 19, 27 (2nd Cir. 2006). A sentence is only unreasonable if the sentencing court "exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." Id. at 27.

Balbi argues that this court's imposition of a sentence within the Guidelines range was unreasonable because Balbi was a "first offender." Even if Balbi had not admitted to previously selling and smuggling narcotics, this argument would fail. Because criminal defendants are often first offenders in cases involving narcotics, a sentencing court's refusal to depart from the guidelines range on the basis of first offender status will not render a sentence unreasonable. United States v. Bedoya-Cano, 186 F. App'x 56, 58 (2d Cir. 2006); see also Fernandez, 44 F.3d at 27 (noting that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.").

Balbi further claims that his sentence was unreasonable because it was much longer than Mercado's sentence. "In determining the particular sentence to be imposed, [the court] shall consider the need to avoid unwarranted sentence disparities among defendants . . . who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The Second Circuit has held that, "even assuming arguendo that 18 U.S.C. § 3553(a)(6) can support a reduced sentence designed to eliminate or diminish disparity between the sentences imposed on co-defendants, those co-defendants would have to be similarly situated." Fernandez, 443 F.3d at 31. Balbi has not demonstrated that he and Mercado were similarly situated. While they both acted as drug couriers, only Balbi acted as a recruiter. (PSR ¶ 12.) Because Balbi played a more significant

8

role in the drug smuggling conspiracy than Mercado, the difference in their sentences is not an impermissible disparity under § 3553(a)(6).

Balbi provides no nonfrivolous ground on which he would have appealed his sentence. He consequently fails to establish that Lewis's error prejudiced him. Because Balbi does not show actual prejudice, the court need not consider whether Lewis's representation was objectively reasonable.

## III. CONCLUSION

For the foregoing reasons, Balbi's Petition is DENIED. Because Balbi has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 15, 2010

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge